**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 21-1049
_____

NOZIMJON KHOLMURODOV,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: November 23, 2021                          Decided: January 26, 2022

_____

Before GREGORY, Chief Judge, and WYNN and RUSHING, Circuit Judges.

_____

Petition denied in part and dismissed in part by unpublished per curiam opinion.

_____

Allison N. Grosz, BIBICHEFF & ASSOCIATES, P.C., Brooklyn, New York, for Petitioner. Brian Boynton, Acting Assistant Attorney General, Anthony C. Payne, Assistant Director, Jennifer A. Bowen, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nozimjon Kholmurodov, a native and citizen of Uzbekistan, petitions for review of an order of the Board of Immigration Appeals dismissing Kholmurodov's appeal from the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review in part and dismiss it in part.

We have the reviewed the arguments that Kholmurodov presses on appeal in light of the administrative record, including the transcript of Kholmurodov's merits hearing and the supporting evidence, and the relevant legal authorities. We conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B)—including the adverse credibility finding[*]—and that substantial evidence supports the denial of all forms of relief in this case, *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

Specifically, the Board confirmed the evidentiary inconsistencies identified by the immigration judge and held, based on the totality of the circumstances, that there was no clear error in the immigration judge's adverse credibility ruling. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); 8 C.F.R. § 1003.1(d)(3)(i) (2021). Our review of the record confirms that substantial evidence supports this determination. *See Ilunga*, 777 F.3d at 207 (explaining that "omissions, inconsistent statements, contradictory evidence, and

---

[*] We review credibility determinations for substantial evidence, affording broad—though not unlimited—deference to the agency's credibility findings. *Ilunga v. Holder*, 777 F.3d 199, 206 (4th Cir. 2015); *Camara v. Ashcroft*, 378 F.3d 361, 367 (4th Cir. 2004).

inherently improbable testimony are appropriate bases for making an adverse credibility determination" (internal quotation marks omitted)).   To the extent that Kholmurodov separately challenges the denial of protection under the CAT, we discern no legal error in the adjudication of that application and, again, find that substantial evidence supports the agency's factual rulings pertaining to it.  *Rodriguez-Arias v. Whitaker*, 915 F.3d 968, 972 (4th Cir. 2019) (providing standard of review for denial of CAT relief).

Accordingly, we deny the petition for review in part for the reasons stated by the Board.  *In re Kholmurodov* (B.I.A. Dec. 15, 2020).   We dismiss the petition as to Kholmurodov's claim that the immigration judge conducted his hearing in a manner that violated Kholmurodov's right to due process on the ground that Kholmurodov failed to exhaust his administrative remedies before the Board.  *See* 8 U.S.C. § 1252(d)(1); *Cabrera v. Barr*, 930 F.3d 627, 631 (4th Cir. 2019) ("[A]rguments that a petitioner did not raise in the [Board] proceedings have not been exhausted and [we] lack[ ] jurisdiction to consider them.").   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART*,
*DISMISSED IN PART*

3